UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CURTIS BOYKINS,                           Case No. 1:14-cv-836

      Plaintiff,                            Black, J.
                                                    Bowman, M.J.

     v.

CITY OF CINCINNATI,

      Defendant.

## REPORT AND RECOMMENDATION

### I. Background

On October 28, 2014, Plaintiff was granted leave to file a *pro se* complaint against his former employer, the City of Cincinnati, alleging that the Defendant discriminated against him based upon his race and gender, and took retaliatory action against him based upon his protected activity. Subsequently, counsel entered his appearance on Plaintiff's behalf, so Plaintiff no longer proceeds *pro se*. (Doc. 10).

### II. Plaintiff's Motion for Default Judgment

On November 25, 2014, the City of Cincinnati filed a motion to dismiss Plaintiff's complaint for failure to state a claim, on grounds that the complaint failed to "allege members outside the protected class were treated any differently." (Doc. 7). Plaintiff did not respond to Defendant's motion, but instead filed an Amended Complaint on December 12, 2014. In light of the amended complaint, the Court denied the pending motion to dismiss as moot, and directed the Defendant to file an answer. (Docs. 9, 11).

1

When the Defendant failed to timely file its answer, the Court directed the City to "show cause" why judgment should not be entered against it.  (Doc. 12).

On April 16, Defendant responded to the show cause order by filing a motion seeking leave to file its answer out of time.  (Doc. 15).  However, the day before the Defendant filed its motion, Plaintiff moved for entry of default judgment.  (Doc. 14).

Through counsel, Plaintiff opposes Defendant's motion to file its answer out of time, urging this Court to instead enter default judgment.  In support of his motion, Plaintiff points out that Defendant missed two separate deadlines for filing its answer.  First, on March 4, 2015 the Court directed Defendant to answer within 21 days.  When Defendant missed that deadline, the Court issued a "show cause" order directing Defendant to answer the amended complaint within 14 days, a date that the calendar reflects as April 13, 2015.  Defendant did not file its motion for leave to file its answer out of time until three days past that second deadline, on April 16, 2015.

By separate order, the undersigned has granted Defendant's motion for leave to file its answer out of time.  Defendant's supporting memorandum satisfies the standard for excusable neglect.  Counsel explains that after receiving the "show cause" order, he erroneously added the usual and customary three days for service, and therefore mistakenly calculated the response date as April 16.

In addition to finding good cause for granting Defendant's motion to file the answer out of time, other grounds exist for denying Plaintiff's motion for entry of a default judgment.  When a party has failed to plead or otherwise defend, entry of a default (as opposed to a default *judgment*) may be appropriate under Rule 55(a), Fed. R. Civ. P.  Here, however, the City initially did appear, timely filing a motion to dismiss

2

the complaint. That motion was denied not on the merits, but on the procedural ground that Plaintiff had amended his complaint after the motion was filed. Because the City appeared and timely responded to Plaintiff's initial complaint, entry of either a default or default judgment would be inappropriate. Moreover, entry of default judgment is governed by the different standard of Rule 55(b), and typically is considered only after entry of default under Rule 55(a), which has not occurred in this case. On the record presented here, not only would Defendant's conduct have to be far more egregious to warrant the entry of default judgment, but at a minimum, the Court would be required to conduct a hearing to determine the amount of damages and/or to establish the truth of the Plaintiff's allegations. *See generally* Rule 55(b)(2).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for default judgment (Doc. 14) be **DENIED**.

        s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CURTIS BOYKINS,   Case No. 1:14-cv-836

   Plaintiff,   Black, J.
                         Bowman, M.J.

   v.

CITY OF CINCINNATI,

   Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                          *s/Stephanie K. Bowman*
                                          Stephanie K. Bowman
                                          United States Magistrate Judge